UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP PAPE

v.                                    CASE NO.  3:13CV 63 (AVC)

AMOS FINANCIAL LLC
LAW OFFICES OF FRANK N. PELUSO, P.C.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL: PELUSO

Plaintiff's opening brief alerted defendant to the broad scope of discovery under federal notice pleading rules. Yet, Peluso still claims that discovery is limited to the specific allegations of the notice-pleading complaint. Fed. R. Civ. P. 54(c) is directly to the contrary. Other than default judgments, "Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

*Instead* of providing documents in discovery, Peluso has attached some of them to its opposition to plaintiff's Motion to Compel, asserting that plaintiff acquired them outside of discovery.  D. Conn. Local Civ. Rule 5(f)1 does not allow the filing of discovery "except by order of the Court." Only discovery requests in dispute, not discovery responses, may be filed. Local Rule 37(b)(1).

Interrogatories 1, 2,  Even if discovery is limited to the letter, plaintiff is entitled to ascertain the truth of the statements contained in the letter, including the existence and extent of Peluso's representation. Peluso makes the bald assertion, "Amos retains Peluso with an understanding that the subject and substantive of each individual agreement is confidential."  Def. Brief at 8-9. However, "The scope of plaintiff's [discovery] rights cannot be governed by agreement of his adversaries." Magnaleasing, Inc. v. Staten Island

Mall, 76 F.R.D. 559, 562 (S.D.N.Y. 1977) (rejecting claim that settlement agreement with confidentiality clause is protected from disclosure as a confidential document).

Peluso failed to file a timely or adequate privilege log. It may been that some of the withheld documents related to communications after the commencement of the action, in which case Local Rule 26(e) applies, but one cannot tell from the cursory and inadequate privilege log, Doc. No. 19-3. Peluso's belated, inadequate and conclusory privilege log has waived any privilege. Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 240 F.R.D. 44, 47 (D. Conn. 2007) ("[I]f the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected."); Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D. 165, 168 (D. Conn. 2005) ("Simply because a document was 'prepared by counsel' or was the result of 'interviews between counsel and the Defendant' does not necessarily mean that it is protected by the attorney-client privilege.").

Interrogatories 3-6.  Peluso simply repeats its unsubstantiated mantra "irrelevant" without discussing the disparate requests individually as required by Local Rule 37(b), or providing case law or factual support for its position.

Production 1, 5-8. Defendant reiterates, contrary to case law and practice rules, that discovery is limited to the letter alleged in the complaint. Plaintiff believes that defendant is concealing other FDCPA violations that took place and which are well within the notice pleading scope of the complaint: "In the collection efforts within one year prior to the date of this action, each defendant violated the FDCPA, § 1692d, -e, –f(1) or -g." Otherwise, it would have no reason to persist in refusing to provide such simple and obviously discoverable matters as the collection records.

Verification. The Peluso responses were verified by counsel for the corporation. Doc. No. 19-2. A corporation has no members. Rather, the president or secretary or most knowledgeable person of the corporation should respond. Counsel cannot testify for her client/ employer. Case law seems to unanimously reject counsel verifying responses for a corporate client. Villareal v. El Chile, Inc., 266 F.R.D. 207, 211 (N.D.Ill. 2010) ("Under Rule 33, answers to interrogatories must be verified and must be signed by the person answering the interrogatory, not only by the party's attorney"); Saria v. Massachusetts Mut. Life Ins. Co., 228 F.R.D. 536, 538 -539 (S.D.W.Va. 2005) (When responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness.").

## CONCLUSION

Defendant has not met its burden of showing how the requests are outside the broad scope of discovery, with facts, case law, or any substantiation whatsoever.

Plaintiff's motion to compel discovery should be granted in all respects, with proper verification by a knowledgeable person who is not counsel for the corporation.

> THE PLAINTIFF
>
> By:__/s/ Joanne S. Faulkner__
> Joanne S. Faulkner ct 04137
> 123 Avon Street
> New Haven, CT 06511
> (203) 772-0395

4

Certificate of Service

I hereby certify that on June 21, 2013, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          ____/s/ Joanne S. Faulkner___
                                          JOANNE S. FAULKNER ct04137