```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PHILIP PAPE,                           :
   Plaintiff,                          :
                                       :
     v.                                : Civil No. 3:13cv63(AVC)
                                       :
AMOS FINANCIAL LLC                     :
LAW OFFICES OF FRANK N.PELUSO, P.C.,   :
   Defendants.                         :
```

## RULING ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

This is an action for damages and equitable relief in which the plaintiff, Philip Pape, claims that the defendants, Amos Financial LLC and the law offices of Frank N. Peluso, P.C., violated the mandatory disclosure of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a), 1692g(b), and 1692e by sending a debt collection letter that did not disclose the alleged balance as of the date of the letter which failed to comply with the required statutory notice. The plaintiff also alleges that the defendants are liable for making false threats. Both parties have moved for summary judgment on all counts, arguing that they are entitled to judgment on all the plaintiff's causes of action. For the reasons set forth below, the parties' cross-motions for summary judgment are DENIED.

## FACTS

Examination of the complaint, pleadings, local rule 56 statements, the exhibits accompanying the motion for summary

judgment, and the responses thereto, discloses the following, undisputed, material facts:

The defendant, Amos Financial LLC (hereinafter "Amos"), is a foreign limited liability company registered to do business in Connecticut. Amos collects on the debt it purchases using means of interstate commerce, including the mail, internet, and telephone. The other named defendant, the law Offices of Frank Peluso, P.C. (hereinafter "Peluso"), is located in Stamford, Connecticut and has no financial interest in Amos. Peluso represents both itself and Amos in this matter.

In 2005, Pape took out a home equity loan from Key Bank, N.A., for $25,554.50, on a property that subsequently went into foreclosure. In 2011, Amos purchased this loan from Key Bank and began collection efforts.

The loan listed 6419 Bigelow Commons, Enfield, CT as Pape's previous address and 27 Alden Street, Enfield, CT as his current address. The plaintiff, presumably, meant 27 Alden *Avenue*.[1] 27 Alden Avenue is part of a duplex, known as 27-29 Alden Avenue, which was purchased by Pape on or about July 20, 2004. The loan "was taken out to replace the rotting asphalt siding with new vinyl siding."[2]

---

[1] The town of Enfield, Connecticut's website's geographic information system does not recognize "Alden Street" but does recognize "Alden Avenue."

[2] It is unknown whether the loan was used for the siding of just 27 Alden Avenue or 27-29 Alden Avenue.

In the section on the 2005 loan application entitled "Other Income," Pape listed $3,500 a month from "rent." Pape bought numerous investment properties before and after the loan application. A week after the loan was executed, Pape declared a home located at 287 Union Street, Springfield, Massachusetts as his "principal residence" in a Massachusetts Declaration of Homestead document.

On July 5, 2012, Amos sent the plaintiff a collection letter. The letter stated that, as of that date, the balance was $35,048.63 and the actual principal balance claimed was $24,189.94, plus interest.

On July 31, 2012, Peluso sent the plaintiff a letter that stated, as of that date, the balance was $35,048.62.

On August 7, 2012, Amos sent the plaintiff a letter claiming that, as of that date, the balance due was $35,304.83.

These three letters contained a clause stating that "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater."

Relevant portions of the debt collection letters state:

- "We request payment in full within 7 days of the receipt of this letter."
- "*Please note that unless you or your agent or representative disputes said debt, or any portion thereof, within thirty days (30) after your receipt of this letter this office shall assume the validity of this debt. . . .*"

3

- "Our client may report information about your account to credit bureaus."
- "We may also report this to the IRS as Debt Cancellation Income. . ."
- "**Please keep in mind that if litigation against the debtor proceeds to judgment in the creditor's favor, under Connecticut law the creditor has certain methods at its disposal to obtain actual payment in satisfaction of the judgment rendered. For example, the creditor can question a judgment debtor under oath about available assets. Further, liens can be placed on any real property owned by the judgment debtor.**"
- "**The creditor can also request the court to order the judgment debtor to make installment payments to satisfy the judgment. If payments are then not made in accordance with the court order, an execution can be issued against the judgment debtor's wages, personal property, or bank account so that the creditor can satisfy the debt out of the judgment debtor's wages, bank accounts, or nonexempt personal property. Under Connecticut law, some property is exempted from execution by statute.**"

On December 21, 2012, the defendants issued a summons and complaint in Connecticut state court alleging that the balance due by the plaintiff was $35,304.83. The plaintiff then commenced this action, asserting that the defendants violated the FDCPA as well as several Connecticut statutes.

## STANDARD

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

4

Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" Am. Int'l Group, Inc. v. London Am. Int'l Corp., 644 F.2d 348, 351 (2d Cir. 1981) (quoting Heyman v. Commerce and Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975)).

A dispute concerning material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view all inferences and ambiguities in a light most favorable to the nonmoving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Id.

"A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528 (2d Cir. 1985) (citing White v. Arco/Polymers,

5

Inc., 720 F.2d 1391, 1396 (5th Cir. 1983); Mull v. Ford Motor Co., 368 F.2d 713, 715 (2d Cir. 1966)).

## DISCUSSION

Pape argues that he meets the three essential requirements to establish a violation under the FDCPA: 1) he is a consumer who allegedly owes the debt; 2) Amos, who is collecting the "debt," is "debt collector" as defined by the FDCPA;  and 3) Amos has engaged in an act or omission in violation of the prohibitions or requirements of the law. Specifically, Pape argues that the answer to the complaint admits factors one and two, and that the defendants' letters violated FDCPA §1692g by their "tenor and contents" and § 1692e by their "threatening or intimidating language."

The defendants respond that the "[t]he underlying debt was a commercial loan pertaining to Philip Pape's business as a real estate investor and as such, is outside the purview and jurisdiction of the penalty provisions of the FDCPA." Specifically, citing FDCPA §1692a(5), the defendants state that "[t]o prevail, an FDCPA plaintiff must present evidence showing they incurred a debt 'primarily for personal, family, or household purposes.'" The defendants state that Amos "has averred in its attached Affidavit from [Amos] General Counsel Brian Cormack Donegan that based upon its research and

6

investigation, Philip Pape's Home Improvement Loan from Key Bank, N.A. was commercial in nature."

The plaintiff replies, with respect to the issue of whether the loan is "commercial in nature," that the defendants' own documents and binding judicial admissions "conclusively underscore the consumer nature of the transaction." Specifically, the plaintiffs argue the defendants admitted in their third amended answer that "Amos is in the business of purchasing defaulted consumer debt . . . using means of interstate commerce" and that Amos "purchased a home improvement loan" from Key Bank. The plaintiffs argue Donegan's "self-serving affidavit . . . based on a non sequitur theory, does not even create a metaphysical doubt."

"The term 'debt' as defined under the FDCPA refers to *any obligation of a consumer* to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are *primarily for personal, family, or household purposes*." Goldman v. Cohen, 445 F.3d 152, 154, n.1 (2d Cir. 2006)(citing 15 U.S.C. § 1692a(5))(internal quotation marks omitted). The FDCPA "regulates the debt collection tactics employed against *personal* borrowers on the theory that they are likely to be unsophisticated about debt collection and thus prey to unscrupulous collection methods." Miller v. McCalla, Raymer,

Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. 2000) (citing S.Rep. No. 382, 95th Cong., 1st Sess. 2 (1977); U.S. Code Cong. & Admin. News 1977, 1695; Keele v. Wexler, 149 F.3d 589, 594 (7th Cir.1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir.1992)). Accordingly, "actions arising out of commercial debts are not covered by the protective provisions of the FDCPA." Goldman, 445 F.3d at 154 (citing First Gibraltar Bank, FSB v. Smith, 62 F.3d 133, 135–36 (5th Cir.1995); Slenk v. Transworld Sys., Inc., 236 F.3d 1072, 1074 (9th Cir.2001) (finding that the FDCPA "applies to consumer debts and not business loans")).

The plaintiff's argument that the defendants are bound by their assertion that they "are in the business of collecting consumer debt" is irrelevant. Pape is a "consumer" even if the house is an investment property.[3] Similarly, the labeling of the loan for "home improvement" is no more conclusive in determining the nature of the loan. Improvements to residential investment properties, just as improvements to personal residences, are home improvements.[4]

---

[3] Under the FDCPA consumer "means any natural person obligated or allegedly obligated to pay any debt." Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. 2000)(citing 15 U.S.C. § 1692a).

[4] Home improvements are defined as the "changes that are made to a house, that increase its value." "Home improvement" *http://oald8.oxfordlearnersdictionaries.com,* Oxford Advanced Learner's Dictionary, 2013.

At the time Pape executed the loan at issue he was actively dealing in numerous real estate transactions. Pape was receiving $3,500 each month for rent and bought at least 4 properties within the year prior to executing the loan and at least 4 properties within the year after executing the loan.[5] The address Pape listed as his current address, 27 Alden Street, in which he likely meant Avenue, is part of a 27-29 Alden Avenue duplex that he owns.

On July 8, 2005, Pape stated in a Declaration of Homestead with the Hampden County Registry of Deeds that he "own[s] and occup[ies] a principal residence [at] 387 Union street, Springfield, County of Hampden Massachusetts . . ." "Principal residence" means "the home where an owner, and the owner's family if applicable, resides or intends to reside as the primary dwelling; provided, however, that no person shall hold concurrent rights in more than 1 principal residence." Mass. Gen. Laws  ch. 188, § 1.

Though he did not address the declaration of homestead, Pape states in an October 18, 2013 affidavit that "[o]ther loans listed by Mr. Donegan were for investment properties, but the house at 27 Alden was [his] personal residence before, at, and after [he] took out the Home Improvement Loan at issue."

---

[5] See Affidavit of Brian Cormack Donegan.

Thus, the court concludes that there exists a genuine issue of material fact as to the nature of the loan. Real estate investors are entitled to personal homes, and if the loan is a consumer loan in nature, the plaintiff may be entitled to relief. However, if the loan is commercial in nature, the plaintiff's 27 Alden loan is not afforded the FDCPA's protection to personal borrowers. The same issue of material fact exists with the Connecticut statute causes of action.[6]

## **CONCLUSION**

For the reasons stated above, the plaintiff's motion for summary judgment (document no. 33) is DENIED and the defendants' motion for summary judgment (document no. 48) is DENIED.

It is so ordered this 4th day of March 2014, at Hartford, Connecticut.

/s/
Alfred V. Covello,
United States District Judge

---

[6] Connecticut Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-645 ("CCPA") has similar language to the FDCPA stating "'debt' means an obligation or alleged obligation arising out of a transaction in which the money, property, goods or services which are the subject of the transaction are for personal, family or household purposes, whether or not such obligation has been reduced to judgment."