IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
                                              :
PHILIP PAPE                               :          3:13 CV 63 (JGM)
                                              :
V.                                                :
                                              :
LAW OFFICES OF FRANK N. PELUSO, P.C.  :          DATE: OCTOBER 7, 2015
                                              :
------------------------------------------------------X

<u>RULING ON PLAINTIFF'S MOTIONS IN LIMINE</u>

On January 14, 2013, plaintiff Philip Pape filed this lawsuit under the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act, CONN. GEN. STAT. § 36a-648, and the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110g, with respect to a home improvement loan purchased by defendant Amos Financial LLC ["defendant Amos"], for which defendant Law Offices of Frank N. Peluso, P.C. ["defendant Peluso Law Offices"] sent a collection letter on defendant Amos' behalf on July 31, 2012. (Dkt. #1). Defendants filed their Answer and Special Defenses on March 20 and 25, 2013. (Dkts. ##7-8, 11).

On September 5, 2013, plaintiff filed his Motion for Summary Judgment (Dkt. #33), followed by defendants' Motion for Summary Judgment, filed November 27, 2013. (Dkt. #48). On March 4, 2014, Senior U.S. District Judge Alfred V. Covello filed his Ruling on the Parties' Cross-Motions for Summary Judgment (Dkt. #51)["March 2014 Ruling"], denying both motions. After a review of the undisputed facts (at 2-4) as well as summarizing the legal arguments presented by both parties (at 6-9), Senior Judge Covello held as follows:

> [T]he court concludes that there exists a genuine issue of material fact as to the nature of the loan. Real estate investors are entitled to personal homes, and if the loan is a consumer loan in nature, . . . plaintiff <u>may</u> be entitled to relief. However, if the loan is commercial in nature, . . . plaintiff's 27 Alden loan is not afforded the FDCPA's protection to personal borrowers. The same

issue of material fact exists with the Connecticut statute causes of action. (At 10)(emphasis added)(footnote omitted).  On July 30, 2014, a Stipulation of Dismissal was entered with respect to defendant Amos only.  (Dkts. ##53-55).  On August 21, 2014, the parties consented to trial before a U.S. Magistrate Judge (Dkt. #62), and on July 2, 2015, the case was referred to this Magistrate Judge.  (Dkt. #68).

Plaintiff has filed two motions in limine.  First, on July 20, 2015, plaintiff filed his Pretrial Motion re Initial Disclosures, with brief and affidavit in support (Dkt. #70),[1] as to which defendant Peluso Law Offices' brief in opposition was filed on August 20, 2015 (Dkt. #74); plaintiff filed his reply brief the next day.  (Dkt. #76).  Second, on July 31, 2015, plaintiff filed his Motion In Limine to Limit Trial to Statutory Damages or for Other Relief, with brief in support (Dkt. #73),[2] as to which defendant Peluso Law Offices filed its brief in opposition on August 20, 2015. (Dkt. #75).

For the reasons stated below, plaintiff's Pretrial Motion re Initial Disclosures (Dkt. #70) is granted in part, without prejudice to renew at a later time regarding appropriate sanctions, and the Court will construe plaintiff's Motion In Limine to Limit Trial to Statutory Damages or for Other Relief (Dkt. #73) as a Motion for Reconsideration in light of new evidence for which supplemental briefing is ordered.

---

[1] Attached are copies of defendants' Initial Disclosures Pursuant to FRCP 26(a)(1), dated July 1, 2013, and of e-mails between counsel, dated May 8, June 22, and July 2, 2015.

[2] Attached are copies of defendant Peluso Law Offices' letter to plaintiff, dated July 31, 2012, of Judge Dorsey's ruling in Colmon v. Payco-G.A.C., Inc., 3:89 CV 217 (PCD), filed January 23, 1992, and of plaintiff's deposition, taken on December 6, 2013, as a defendant in Amos Fin., LLC v. Pape, HHD CV 13-6038718-S, Judicial District of Hartford at Hartford ["Plaintiff's Depo. Tr."].

I.  DISCUSSION

A.  PLAINTIFF'S PRETRIAL MOTION RE INITIAL DISCLOSURES (Dkt. #70)

The first motion concerns defendant Peluso Law Offices' Initial Disclosure that insurance disclosure was "Not Applicable[,]" when in fact defendant Peluso Law Offices did have insurance coverage but had failed to make a claim; as a result, plaintiff seeks "coverage by estoppel" under FED. R. CIV. P. 26(g)(3), including the imposition of liability for any award of damages, costs and fees not only upon defendant Peluso Law Offices, but also on Attorney Peluso himself, and his former associates, Attorney Audrey Medd (whose appearance was terminated on September 26, 2013) and Attorney Leon Cameron (whose appearance was terminated on August 26, 2015).  (Dkt. #70, at 1, Brief at 1-2, & Exhs.). Plaintiff relies primarily upon Anchondo v. Dunn, 511 F. App'x 736, 737-38 (10th Cir. 2013), where such a remedy was imposed.  Defendant Peluso Law Offices argues that the Anchondo case is distinguishable, in that the attorney and client there acted in bad faith "to deprive [the plaintiff] of a potential recovery from the insurer," and had engaged in repeated misconduct, including defying earlier court-ordered sanctions.  (Dkt. #74, at 2, citing 511 F. App'x at 737-38).

FED. R. CIV. P. 26(a)(1)(A)(iv) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action . . . ."  As U.S. Magistrate Judge Marilyn D. Go held eleven years ago, in light of the mandatory language of Rule 26(a)(1)(A)(iv), when a defense attorney asserts that the claims at issue fall within an exclusion in a defendant's insurance policy, a "plaintiff is not limited to counsel's say-so in making this determination."  Calabro v. Stone, 224 F.R.D. 532, 533

(E.D.N.Y. 2004).  F<small>ED</small>. R. C<small>IV</small>. P. 26(g)(3) provides in full:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, <u>must</u> impose an appropriate sanction of the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

(emphasis added).

Not surprisingly, there are few published decisions regarding the sanctions that should be imposed when a defendant violates Rule 26(a)(1)(A)(iv).  Plaintiff has cited the Tenth Circuit's decision in <u>Anchondo</u>, a FDCPA case, but as defense counsel appropriately argues, that case is distinguishable – there, the attorney's "peculiarly close relationship" with his client included the attorney being a signatory of its bank accounts and one of its managers, and his law office was physically located within his client's offices until the client went into bankruptcy. 511 F. App'x at 736.  As a result, because the client's bankruptcy precluded any recovery of the class action settlement, and the defendant client's insurance carrier denied coverage because no timely claim had been made, both the district court and the Tenth Circuit held that the defense attorney had acted in "bad faith," imposing the sanction of plaintiff's attorney's fees and costs in litigating the matter.  <u>Id.</u>  There is no evidence that the behavior of defendant and its attorneys has risen to the same level of bad faith activities as in <u>Anchondo</u>.

The Court has located two relevant decisions – <u>Food Team Int'l, Ltd. v. Unilink, LCC</u>, 595 F. App'x 146 (3d Cir. 2014)["<u>Food Team</u>"]  and <u>Sakakibara v. Spectrum Gaming Group, LLC</u>, No. 2:09- cv-2000-HDM-LRI, 2010 WL 2947381 (D. Nev. July 22, 2010).  In <u>Food Team</u>, the district judge had found for the plaintiff after a bench trial, but failed to impose sanctions against the defendants for their failure to disclose that there was insurance coverage for the

4

losses. 595 F. App'x at 148. Upon the cross-appeal, the Third Circuit held that in light of the "mandatory language" of Rule 26(g)(3), the district judge "had an independent duty to consider sanctions[.]" Id. at 151. The Third Circuit thus remanded the matter for future consideration, but "offer[ed] no opinion as to whether [d]efendants' failure to disclose the insurance policy was done without substantial justification[.]" Id. (citation & footnote omitted).

Sakakibara concerns a lawsuit brought under the Fair Credit Reporting Act, where counsel had been in communication for two months about insurance coverage, and where, like here, defense counsel asserted that he was not going to identify any insurance coverage because there was none; defense counsel eventually produced the insurance policy after plaintiff filed a Motion to Compel. 2010 WL 2947381, at *1-2. U.S. Magistrate Judge Lawrence R. Leavitt found that this production rendered the motion moot, but held that defendant's certification "f[e]ll below an objective standard of reasonableness[,]" id. at *3 (citation omitted), and awarded payment of reasonable attorney's fees and costs incurred by plaintiff in filing the motion. Id.

In the three-page brief in opposition filed by defendant Peluso Law Offices (Dkt. #74), defendant does not provide any substantial justification for its failure to disclose the insurance policy; instead, it concentrates on distinguishing the Anchondo decision, an argument with which this Magistrate Judge agrees, and on its arguments that no sanctions ought to be imposed on Attorney Cameron, who did not sign the disclosure, or on Attorney Medd, who is no longer associated with the law firm, with which this Magistrate Judge also agrees.

Under these circumstances, plaintiff's Pretrial Motion re Initial Disclosures (Dkt. #70) is granted to the extent that this Magistrate Judge finds that defendant Peluso Law Offices

violated Rule 26(a)(1)(A)(iv) in its Initial Disclosure with respect to insurance. However, the sanctions to be imposed may be contingent upon the ultimate determination in this case – in a pretrial context, the sanctions appear to be limited to attorney's fees and costs in preparing the relevant motion, as in Sakakibara, but in a post-trial context, the attorney's fees and costs awarded conceivably may include more, as in Anchondo.[3] Thus, the resolution of the appropriate sanctions to be imposed will be left for a later time.

### B. PLAINTIFF'S MOTION IN LIMINE TO LIMIT TRIAL TO STATUTORY DAMAGES OR FOR OTHER RELIEF (Dkt. #73)

Insofar as the parties' summary judgment briefs, and particularly those of defendant Peluso Law Offices (see Dkts. ##41, 48), focused solely upon the issue of whether the loan at issue was a consumer loan in nature, the March 2014 Ruling addressed none of the two other elements of plaintiff's claim, other than to identify them. (At 6).

In this second motion, plaintiff argues that after discovery was closed in this federal lawsuit and while the Cross-Motions for Summary Judgment were pending, plaintiff was deposed on December 6, 2013 in a related state matter, the testimony from which "mak[es] it indisputable that the home improvement loan was on [plaintiff's] own residence." (Dkt. #73, at 1; Brief at 1-3; Plaintiff's Depo. Tr. at 19-51, 62-81).[4] Plaintiff contends that a trial on the issue of the consumer nature of the loan transaction would unnecessarily burden the judicial resources and those of the parties (Dkt. #73, Brief at 2), that this judicial officer

---

[3]In Anchondo, the district judge had awarded "the damages and fees owed by [the corporate defendant] plus the costs incurred in litigating this matter[,]" thus suggesting that the attorney was responsible for the damages that were now uncollectible due to the corporate defendant's bankruptcy and the failure to notify its insurance carrier, as well as all legal fees in pursuing the lawsuit. 511 F. App'x at 737. As previously indicated, the behavior of defense counsel here is not as egregious as that in Anchondo.

[4]It would have been prudent for counsel to have sought permission from Senior Judge Covello to file this deposition transcript for his consideration, so that this lawsuit might have been resolved last year.

should reconsider the March 2014 Ruling in light of the new evidence and/or to correct a "clear error" in the prior ruling (at 2-3), that defendant waived any claim that its letter complied with the FDCPA (at 3-4), and that the letter violated the FDCPA (at 4-11).  As a result, plaintiff seeks judgment in his favor in the amount of $1,000 under the FDCPA, with fees and costs to be determined by the Court.  (Dkt. #73, at 1; Brief at 11-12).

In its one-page brief in opposition (Dkt. #75), defendant Peluso Law Offices contends that plaintiff's motion "is simply a subterfuge by which to make a second attempt at reaching summary judgment" and that "[n]o liability is . . . conceded by the part of . . . [d]efendant and no stipulation will be agreed to."

Defense counsel is correct that despite the nomenclature, plaintiff's motion is, in effect, a Motion for Reconsideration of the March 2014 Ruling, in light of the state court deposition.  As the Sixth Circuit explained in Gillig v. Advanced Cardiovascular Sys. Inc., 67 F.3d 586 (6th Cir. 1995),

> [W]hen a case is transferred from one judge to another, it is important that the transferee judge does not hastily disturb the rulings of the transferor judge, inasmuch as the utility of such a transfer would be seriously compromised if the fact of transfer were to be treated as an invitation to seek a second opinion on every pre-transfer ruling.

Id. at 590 (internal alterations & citation omitted).  The Sixth Circuit emphasized that "pre-transfer rulings constitute the law of the case and should not be lightly disturbed."  Id. (citations omitted).  See also Langevine v. District of Columbia, 106 F.3d 1018, 1022-23 (D.C. Cir. 1997).  Moreover, the Second Circuit ruled nearly twenty-three years ago that the doctrine of "law of the case," while serving an invaluable function in the judicial process, is "admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment."  DiLaura v. Power Auth. of NY, 982 F.2d 73, 76 (2d Cir. 1992)(citations omitted).  The Second Circuit has identified three "major grounds justifying

reconsideration[,]" namely "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (internal quotations & citations omitted).  See also Sagendorf-Teal v. Cnty. of Rensselaer, 100 F.3d 270, 277 (2d Cir. 1996); Casey v. United States, 161 F. Supp. 2d 86, 91-93 (D. Conn. 2001).

In this case, plaintiff's deposition in the related state case, which lasted nearly two hours and consists of eighty-one pages of deposition testimony, certainly constitutes "new evidence" to reconsider the March 2014 Ruling, which found disputed facts that precluded summary judgment.[5]  At this deposition, Amos Financial appeared as plaintiff in that state case, represented by defendant Peluso Law Offices, and Pape appeared as defendant; Pape was questioned at length regarding his profession and the circumstances under which he took out the loan at issue; the testimony certainly is suggestive that this was a consumer loan, not a commercial one. (Plaintiff's Depo. Tr. at 1-2, 19-51, 62-81).  Thus, the Court agrees with plaintiff's counsel that it would be more efficient to attempt to resolve this issue through briefs instead of two hours of testimony at trial.

Plaintiff further argues that defendant Peluso Law Offices has waived any claims that its letter complied with the FDCPA in that in its brief in opposition to plaintiff's Motion for Summary Judgment, "defendant did not defend or even discuss the substance of the [collection letter at issue]" but instead only argued that the underlying transaction was commercial. (Dkt. #73, Brief at 3-4; see Dkt. #33, Brief at 3-13; Dkt. #44, at 2-6).  Plaintiff is correct that under such circumstances, a party can be deemed to have waived its arguments when it fails to address issues raised in an opposing party's summary judgment brief. See, e.g., Zadrowski v. Town of Plainville, No. 09 CV 1367 (DJS), 2013 WL 5435491,

---

[5] See note 4 supra.

at *8 (D. Conn. Sept. 30, 2013); Huertas v. Ivanko, No. 11 CV 528 (VLB), 2013 WL 1193187, at *17 (D. Conn. Mar. 25, 2013); Coltin v. Corp. for Justice Mgmt., Inc., 542 F. Supp. 2d 197, 206 (D. Conn. 2008).   However, it is always the Court's preference to rule on an issue on the merits instead of by default or waiver, which is even more paramount here in light of the fact that these issues were not addressed in the March 2014 Ruling.

Accordingly, the Court will construe plaintiff's Motion In Limine to Limit Trial to Statutory Damages or for Other Relief as a Motion for Reconsideration in light of new evidence, and defendant Peluso Law Offices shall file a brief in opposition, which addresses all the legal issues raised in plaintiff's brief **on or before October 30, 2015**.  Plaintiff may file a reply brief, if any, **on or before November 13, 2015**.

## II.  CONCLUSION

For the reasons stated above, plaintiff's Pretrial Motion re Initial Disclosures (Dkt. #70) is granted in part, without prejudice to renew at a later time regarding appropriate sanctions, and plaintiff's Motion In Limine to Limit Trial to Statutory Damages or for Other Relief (Dkt. #73) will be construed as a Motion for Reconsideration in light of new evidence, for which supplemental briefing is ordered.[6]

Dated at New Haven, Connecticut, this 7th day of October, 2015.

  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[6] If counsel believe that a settlement conference before another United States Magistrate Judge would be productive, he or she should contact Chambers accordingly.