IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
                                              :

PHILIP PAPE                                :           3:13 CV 63 (JGM)

V.                                                   :

LAW OFFICES OF FRANK N. PELUSO, P.C.    :           DATE: FEBRUARY 25, 2016
                                             :
---------------------------------------------------------X

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

The factual and procedural history behind this lawsuit, filed under the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act, CONN. GEN. STAT. § 36a-648, and the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110g, has been set forth in considerable detail in Senior U.S. District Judge Alfred V. Covello's Ruling on the Parties' Cross-Motions for Summary Judgment, filed March 4, 2014 (Dkt. #51), 2014 WL 839273, in this Magistrate Judge's Ruling on Plaintiff's Motions in Limine, filed October 7, 2015 (Dkt. #80), 2015 WL 5842474, and in this Magistrate Judge's Ruling on Plaintiff's Second Motion In Limine Construed as a Motion for Reconsideration in Light of New Evidence, filed January 5, 2016 (Dkt. #85), 2016 WL 53821 ["January 2016 Ruling"], familiarity with which is presumed. On August 21, 2014, the parties consented to trial before a U.S. Magistrate Judge (Dkt. #62), and on July 2, 2015, the case was transferred to this Magistrate Judge. (Dkt. #68).

The January 2016 Ruling found that the underlying home improvement loan was not commercial in nature but rather a consumer debt, 2016 WL 53821, at *2-4, 10, and that the July 2012 collection letter at issue violated the FDCPA, thereby entitling plaintiff to judgment in his favor in the amount of $1,000 statutory damages. Id. at *4-10. Plaintiff

was instructed to file a Motion for Attorney's Fees, brief, affidavit and exhibits in support by January 29, 2016; defendant's brief in opposition was due by February 19, 2016, and plaintiff's reply brief, if any, was due by March 4, 2016.

On January 26, 2016, plaintiff filed his Fee Application, brief, affidavit ["Faulkner Aff't"], Time Sheets, and exhibits[1] in support (Dkt. #86), in which he requests attorney's fees in the amount of $37,700, representing 94.25 hours at "the below-market rate of $400 per hour," plus costs of $1,624.80. On February 18, 2016, defendant filed his brief in opposition (Dkt. #87); plaintiff filed his reply brief five days later. (Dkt. #88).[2]

As Chief Judge Janet C. Hall summarized less than one year ago:

> Under the FDCPA, a plaintiff who successfully prosecutes a defendant's failure to comply with any provision of the FDCPA is entitled to "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Where the plaintiff prevails on an FDCPA claim, an award of fees is mandatory even if the plaintiff is not entitled to actual or statutory damages. Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998).
>
> When determining attorney's fees, district courts should:
>
>> in exercising its considerable discretion, . . . bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to

---

[1] The following exhibits were attached: copy of collection letter to plaintiff, dated November 12, 2013 (Exh. 1); copy of collection letter to plaintiff, dated July 31, 2012 (Exh. 2); excerpts from deposition transcript in Gagnon v. Amos Financial, LLC et al, 3:14 CV 1633 (SRU), taken on May 20, 2015 [Exh. 3]; resume of Attorney Leon P. Cameron [Exh. 4]; and copies of invoices for depositions [Exh. 5].

[2] A recent Order from the Danbury Superior Court was attached.

> negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). Thus, to calculate a presumptively reasonable fee, the court must:

> (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award.

> Silver v. Law Offices Howard Lee Schiff, P.C., No. 3:09 cv 912 [(PCD)], 12010 WL 5140851, at *1 (D. Conn. Dec. 16, 2010). As part of the reasonableness analysis, the court should also consider the Johnson factors. Id.; Arbor Hill, 522 F.3d at 190. "After determining the amount of the presumptively reasonable fee, the court may use its discretion to increase or reduce the amount based on the particular circumstances of the case." Chan v. Sung Yue Tung Corp., [No. 03 CV 6048 (GEL),] 2007 WL 1373118, at *1 (S.D.N.Y. May 8, 2007).

Palmer v. Midland Funding, LLC, No. 14 CV 691 (JCH), 2015 WL 1897457, at *1-2 (D. Conn. April 27, 2015)(footnote omitted)(emphasis in original). See also Cabala v. Crowley, 736 F.3d 226, 228 (2d Cir. 2013)(a prevailing party under the FDCPA is "presumptively entitled to an award of reasonable attorney's fees"), citing Savino, 164 F.3d at 87 (additional citation omitted); Ferrari v. U.S. Equities Corp., No. 13 CV 395 (JAM), 2015 WL 6383467, at *1 (D. Conn. Oct. 22, 2015), appeal pending; Rousseau v. Morris, No. 11 CV 1794 (SRU), 2014 WL 941476, at *1 (D. Conn. Mar. 11, 2014); Palmer v. Futtner, No. 12 CV 34 (SRU), 2014 WL 943107, at *1 (D. Conn. Mar. 11, 2014); Silver, 2010 WL 5140851, at *1.

Plaintiff seeks an hourly rate of $400, in light of more than forty-five years of experience representing consumers in her "nationally recognized practice in the arcane field

of the FDCPA[,]"[3] and especially because defendant's associate, Leon Cameron, charged $350/hour as a first year associate in 2010 and defendant himself charges $450/hour. (Dkt. #86, at 13-14, Exhs. 3-4, Faulkner Aff't, ¶¶ 1-11; Dkt. #88, at 1).  Defendant questions this hourly fee. (Dkt. #87, at 12-13).[4]

In Palmer, Chief Judge Hall recently awarded Attorney Faulkner $400/hour as "a reasonable hourly rate[,]" over defendants' argument that the prevailing rate awarded to her in prior FDCPA cases was $350/hour.  2015 WL 1897457, at *2.[5]  In multiple decisions from this district, Attorney Faulkner was awarded $350/hour, dating back to 2007.  See, e.g., Rousseau, 2014 WL 941476, at *1; Palmer v. Futtner, 2014 WL 943107, at *1; Silver, 2010 WL 5140851, at *2; Cabala v. Morris, No. 09 CV 651 (VLB), 2012 WL 3656364, at *6 (D. Conn. Aug. 24, 2012), aff'd on other grounds, 736 F.3d 736 (2d Cir. 2013); Ellis v. Solomon & Solomon, P.C., 05 CV 1623 (JBA), 2009 WL 3418231, at *2 (D. Conn. Oct. 20, 2009); Adams v. A&S Collection Assocs., Inc., 07 CV 347 (JBA)(JGM), 2007 WL 2206935, at *3 (D. Conn. July 23, 2007), modified on other grounds, 2007 WL 2206936 (D. Conn. July 30, 2007); Cooper v. Ellis, Crosby & Assoc., Inc., No. 05 CV 1467 (MRK)(WIG), 2007 WL 1322380, at *3 (D. Conn. May 2, 2007).[6]  Consistent with Chief Judge Hall's recent

---

[3]Indeed, virtually all the decisions on WESTLAW from this district regarding attorney's fees applications in FDCPA cases concern Attorney Faulkner.

[4]Of defendant's fifteen page brief (Dkt. #87), nearly three pages are spent on the procedural history behind this litigation (at 1-3), and approximately nine pages are devoted to the "Complicated History of Recoverable Litigation Fees and the American Rule" and to the definition of "reasonable" attorney's fees (at 3-12), with only slightly more than two pages concentrating on this fee application (at 12-15).

[5]Previously, in Dina v. Cuda & Assocs., LLC, 12 CV 523 (JCH)(D. Conn. Dec. 30, 2013), slip op. at 3-4, defendant did not object to Attorney Faulkner's award at a rate of $400/hour.

[6]But see Ferrari, 2015 WL 6383467, at *2-3 (awarding plaintiff only $250/hour due to the "wasteful and inefficient litigation in the prosecution of this case.").

decision in Palmer, this judicial officer finds that counsel is entitled to have an increase from an hourly rate that is nearly nine years old. Accordingly, this Court is satisfied that $400 is a reasonable hourly rate for Attorney Faulkner.

Plaintiff further contends that the 94.25 hours expended were reasonable,[7] particularly given how vigorously defendant contested plaintiff's claims, and how defendant has not presented any specific evidence that a lower amount is appropriate. (Dkt. #86, at 5-6, 14-22; Time Sheets; Dkt. #88, at 2-3). Defendant argues that plaintiff failed to "provide full, descriptive and annotated billing records[,]" pointing, for example, to two entries from July 26 to July 28, 2013 that reflect "update rsrch threat" or "rsch italics +[.]" (Dkt. #87, at 13-14). Thus, defendant posits that "every item on [p]laintiff's billing record has to be examined by the Court[,]" and only when "these deficient and/or undefined claims for attorney's fees are corrected, . . . can the examining court make an educated, well-informed decision that will provide for an equitable and fair resolution of the matter." (Id. at 14).

Other judges within this district have faced similar arguments from defense counsel in their cases, with Chief Judge Hall finding that "[w]hile not detailed, the entries in question 'contain sufficient information to permit the identification of the general subject matter' of Attorney Faulkner's time expenditure." Palmer, 2015 WL 1897457, at *3, citing Silver, 2010 WL 5140851, at *2 (internal quotations omitted). See also Ellis, 2009 WL 3418231, at *3 (agreeing that while "many of [Attorney] Faulkner's entries are 'vague' or indecipherable, or . . . indeed cryptic, all but one of the entries . . . are readily decipherable[.]")(footnote

---

[7]The Court has not independently totaled the hours on plaintiff's Time Sheets, and in the absence of any argument by defendant to the contrary, assumes that the total of 94.25 hours is correct.

omitted).

Defendant has not pointed out any other questionable entries, other than the two on July 26 and July 28, 2013.[8] Contrary to defendant's characterizations, those two entries to update research regarding threats and to research the use of italics in the collection letter are fully intelligible, and are also appropriate for this case. Of the two pages of entries in plaintiff's Time Sheets, two stand out, however, as being vague, unnecessary, and excessive – 7.0 hours spent on July 7, 2014, for "observ[ing] trial for new violations," without indicating what trial it was and how it impacted the FDCPA claims here, and 2.0 hours on January 11, 2016 for "Est time for response if no hearing." Plaintiff's counsel did not need two hours to make a simple estimation of time. See also Evanauskas v. Strumpf, No. 00 CV 1106 (JCH), 2001 WL 777477, at *7-8 (D. Conn. June 27, 2001)(reducing fee application for excessive, redundant or unnecessary entries). Thus, the Court will delete 9.0 hours from plaintiff's fee application.

Plaintiff also seeks costs in the amount of $1,624.80, for the $350 filing fee, travel to the two settlement conferences ($43.29 each), $766.75 for the Amos deposition, and $421.47 for the Peluso deposition. (Dkt. #86, at 1, Exh. 5). Defendant did not address costs in his brief in opposition.

Accordingly, plaintiff's Motion for Attorney's Fees (Dkt. #86) is <u>granted</u> in the amount of $34,100 (85.25 hours times $400/hour) plus $1,624.80 in costs.

---

[8] The Court appreciates the colorful quotation found at the bottom of page 2 of plaintiff's reply brief (Dkt. #88), about a defendant's failure to direct a judge to specific objectionable entries in a plaintiff's time sheets.

Dated at New Haven, Connecticut, this 25th day of February, 2016.

                                                /s/ Joan G. Margolis, USMJ
                                                Joan Glazer Margolis
                                                United States Magistrate Judge